YELVERTON, Judge.
In this intersectional collision personal injury lawsuit, both drivers claimed to have had a green light. There were three eyewitnesses. One testified that the plaintiff driver ran a red light. Two testified that the defendant driver ran a red light. A jury resolved the dispute by finding that the plaintiff was 80% at fault and the defendant 20% at fault. The verdict translates into a finding of fact that the plaintiff was trying to beat the red light, and that the defendant’s contributing fault was her failure to see the plaintiff’s oncoming, speeding vehicle. The defendant driver admitted that she failed to look before she started forward.
The trial judge granted a JNOV, setting aside the verdict and substituting his view of the evidence, which was that the plaintiff was totally free of fault and that the defendant was 100% at fault. In reaching this decision the trial judge disregarded the testimony of the two drivers, and misconstrued the testimony of the three eyewitnesses. The trial judge erroneously recollected that all three eyewitnesses testified in favor of the plaintiff.
The defendants appealed. We reverse the JNOV, and reinstate the judgment based on the verdict of the jury.
*1213 The trial judge’s finding that the testimony of the three eyewitnesses was in accord, was clearly wrong. Mrs. Mayeaux, one of the three, told the police investigating officer at the scene of the accident that Fleming, the plaintiff, ran the red light. She testified that way at a deposition taken before trial. In her testimony at trial, she explained no less than four times that Fleming, whose car she was following, ran the red light. This testimony, along with the testimony of the defendant driver that she had a green light, created a genuine issue of material fact in the evidence, and a JNOY was improper. La. C.C.P. art. 1811; Scott v. Hospital Service Dist. No. 1, 496 So.2d 270, 273 (La.1986).
We have carefully examined this record, and we find no clear error in the jury’s apportionment of fault of 80% to the plaintiff, and 20% to the defendant driver. We likewise find no abuse of discretion in the amount of the award of damages.
For these reasons, the JNOV is set aside, and the judgment based on the verdict of the jury is reinstated. The plaintiff will pay the costs of this appeal, and costs below will be assessed in the proportions of fault found by the jury.
JUDGMENT NOV SET ASIDE; JUDGMENT BASED ON JURY VERDICT REINSTATED.